NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUTHER CHARLES,<br><br>        Plaintiff,<br><br>v.<br><br>MOTT'S LLP, DAN FRATANGELO,<br>CHRISTOPHER LIBERTI, and DR PEPPER<br>SNAPPLE GROUP COMPANY,<br><br>        Defendants. | Case No. 2:17-cv-2879 (SDW)(LDW)<br><br>**OPINION**<br><br>April 30, 2018 |

**WIGENTON**, District Judge.

Before this Court is Defendants Mott's, LLP (improperly pled as Mott's LLP/Dr Pepper Snapple Group), Dan Fratangelo, and Christopher Liberti's (collectively, "Defendants") Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure ("Rule") 56. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This opinion is issued without oral argument pursuant to Rule 78. For the reasons discussed below, Defendants' Motion for Summary Judgment is **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, who is *pro se*, instituted this civil action against his current employer alleging race-based employment discrimination. (*See generally* Compl., ECF No. 1.)[1] On August 4, 2014, Defendant Mott's, LLP ("Mott's"), a producer of apple sauces, juices, as well as fruit and vegetable snacks, hired Plaintiff as a forklift operator for its warehouse located in Avenel, New Jersey ("Avenel plant"). (Defs.' Statement of Undisputed Material Facts ("Defs.' SMF") ¶¶ 1-3, ECF No. 23-2.) At all relevant times, Defendant Dan Fratangelo ("Fratangelo") was the Regional Director of Transportation and Warehousing, and Defendant Christopher Liberti ("Liberti") was the Logistics Manager for the Avenel plant. (*Id*. ¶ 7.) Plaintiff, who is African American, alleges that "defendant consistently treats African American employees in a disparate manner compared to Hispanic and Caucasian employees." (Compl. at 6.) Plaintiff also alleges that "defendant is constantly penalizing [him] and creating a hostile work environment amongst other employees." (*Id*.)

On September 20, 2016, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Defs.' SMF ¶ 12.) On February 13, 2017, the EEOC issued a Dismissal and Notice of Rights. (*Id*. ¶ 14.) On April 26, 2017, Plaintiff filed a Complaint alleging race discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New Jersey Law Against Discrimination ("NJLAD"), and 42 U.S.C. § 1981 ("§ 1981"). (*See generally* Compl.) On March 9, 2018, Defendants moved for summary judgment. (ECF No. 23.) The motion is unopposed.[2]

---

[1] Because the exhibits attached to the Complaint are not numbered, to prevent any confusion, this Court cites to the page numbers of the electronically filed document.
[2] Local Civil Rule 56.1 instructs the opponent of a motion for summary judgment to "furnish, with its opposition papers, a responsive statement of material facts," and advises that "any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." *See* L. Civ. R. 56.1. Because Plaintiff did not dispute Defendants' Statement of Undisputed Material Facts, this Court accepts these facts as true.

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322-23.

Where a motion for summary judgment is unopposed, the court must still determine whether the motion "has been properly made and supported and whether granting summary judgment is 'appropriate.'" *Kirkland-Rodriguez v. Cooper Univ. Health Care*, No. 16-3999, 2017 U.S. Dist. LEXIS 195833, at *7 (D.N.J. Nov. 29, 2017) (quoting *Muskett v. Certegy Check Servs., Inc.*, No. 08-3975, 2010 U.S. Dist. LEXIS 67320, at *8 (D.N.J. July 6, 2010)).

## III. DISCUSSION

### A. Race-Based Discrimination Claims

Section 1981, Title VII, and NJLAD prohibit discrimination on the basis of race, and claims alleging violations of these statutes are subject to the same legal standard. 42 U.S.C. §§ 1981 *et seq.*, 2000e *et seq.*; N.J. Stat. Ann. §§ 10:5-3, 10:5-12(a); *Wesley v. Palace Rehab. & Care Ctr., L.L.C.*, 3 F. Supp. 3d 221, 230 (D.N.J. 2014). In determining whether discrimination motivated an employment decision, courts consider "direct evidence" or "indirect evidence." *Wesley*, 3 F. Supp. 3d at 230-31. This Court will analyze Plaintiff's claims under the three-part burden-shifting framework in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) since Plaintiff has not submitted any direct evidence of discrimination.

Under the *McDonnell Douglas* framework, Plaintiff may prove his claim by presenting indirect evidence of discrimination. *Wesley*, 3 F. Supp. 3d at 231 (citing *McDonnell Douglas Corp.*, 411 U.S. at 802). Plaintiff has the initial burden of establishing a *prima facie* case to raise an inference of discrimination. *Id*. If Plaintiff establishes his *prima facie* case, the burden shifts to Defendants to demonstrate a "legitimate, nondiscriminatory reason" for the employment decision. *Id*. (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981)). If Defendants' burden is met, the burden shifts back to Plaintiff to prove by a preponderance of the evidence that the reason provided by the Defendants is pretextual. *Id*. (citing *Burdine*, 450 U.S. at 260).

"The existence of a prima facie case of race-based employment discrimination 'is a question of law that must be decided by the Court.'" *Id*. at 231-32 (quoting *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003)). To establish a *prima facie* case of unlawful discrimination under § 1981, Title VII, or NJLAD, a plaintiff must demonstrate by a

preponderance of the evidence that (1) he is a member of a protected class, (2) he was qualified for the position, (3) he suffered an adverse employment action, and (4) circumstances exist that give rise to an inference of unlawful discrimination. *Flores v. Danberg*, 706 F. App'x 748, 753 (3d. Cir. 2017); *Tourtellotte v. Eli Lilly & Co.*, 636 F. App'x 831, 842 (3d Cir. 2016); *Pagan v. Holder*, 741 F. Supp. 2d 687, 695 (D.N.J. 2010) (citing *Vernon v. A & L Motors*, 381 F. App'x 164, 166-67 (3d Cir. 2010)); *Sherrod v. Booker T. Washington Ctr.*, No. 04-208, 2006 U.S. Dist. LEXIS 102013, at *11 (W.D. Pa. July 24, 2006).

Here, Plaintiff points to three incidents in support of his claim that African-American employees were treated in a disparate manner compared to Hispanic and Caucasian employees.[3] First, Plaintiff alleges that on July 7, 2016, he was singled out and suspended for failing to report to an overtime shift, while his non-African American co-workers, who also failed to report to the same overtime shift, were not suspended. (Defs.' SMF ¶¶ 18-22, 26; Pl.'s Dep. 61:24-62:3, ECF No. 24-4.) However, the record shows that Plaintiff, and the four other employees, were all disciplined in accordance with Mott's "progressive discipline system." (Defs.' SMF ¶¶ 23, 26, 28-31.) Three employees received written warnings and one was terminated. (*Id*. ¶¶ 28-30.) At deposition, Plaintiff acknowledged that the employee who was terminated was Hispanic. (Pl.'s Dep. 62:4-12.)

Second, Plaintiff attaches to his Complaint a Memorandum he signed memorializing a September 28, 2016 meeting wherein Plaintiff and his co-worker, Jose Ramos ("Ramos"), received a "formal warning on workplace expectations," surrounding a dispute between the two at work. (Compl. at 12; Defs.' SMF ¶¶ 32-35.) The record shows that Ramos, who is Hispanic, received the same discipline as Plaintiff. (Defs.' SMF ¶ 35.)

---

[3] Because Plaintiff did not oppose this motion, this Court addresses the arguments Defendants presented in their motion.

Third, Plaintiff's EEOC Charge of Discrimination alleged that Mott's "penalized [him] for being late, while Hispanic employees are held to a different standard and not penalized." (EEOC Charge, ECF No. 23-7.) Notwithstanding, Plaintiff admitted that the attendance-related warnings were either appropriate or not due to his race. (Pl.'s Dep. 90:16-20, 106:24-107:1; Defs.' SMF ¶ 37.) Notably, when asked "[w]ho at the company has targeted you because of your race?" Plaintiff admitted that he did not have any evidence to make these claims and that his claims were based on speculation. (Pl.'s Dep. 91:2-5, 113:3-21.) "Speculation is simply not evidence of discrimination." *Rouse v. II-VI Inc.*, No. 06-566, 2008 U.S. Dist. LEXIS 56456, at *73 (W.D. Pa. July 24, 2008) (quoting *Hicks v. Tech Indus.*, 512 F. Supp. 2d 338, 348 (W.D. Pa. 2007)). Indeed, "[n]umerous courts have opined that a plaintiff's subjective perception of discrimination, standing alone, cannot defeat a defendant's motion for summary judgment." *Id*. (external citations omitted).

Beyond mere speculation, Plaintiff has failed to demonstrate that he was subject to an adverse employment action or disparate treatment based on his race. Because his allegations do not give rise to an inference of unlawful discrimination, he cannot establish his *prima facie* case for race discrimination.

Even if Plaintiff could establish a *prima facie* case, Defendants have articulated legitimate, non-discriminatory reasons for disciplining Plaintiff. Further, Plaintiff was disciplined in accordance with Mott's progressive discipline policy and Plaintiff has not submitted any evidence to suggest that his employer's disciplinary actions were pretextual. Accordingly, Defendants' motion for summary judgment as to Plaintiff's race-based discrimination claims under § 1981, Title VII, and NJLAD is granted.

### B. Hostile Work Environment

Title VII prohibits harassment "that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Tourtellotte*, 636 F. App'x at 845 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations omitted)). To establish the existence of a hostile work environment under § 1981 or Title VII, a plaintiff must prove: (1) that he suffered intentional discrimination because of his race; (2) the discrimination was severe and pervasive; (3) the discrimination detrimentally affected him; (4) the discrimination would detrimentally affect a reasonable person of the same race in plaintiff's position; and (5) the existence of *respondeat superior* liability. *See Davis v. City of Newark*, 285 F. App'x 899, 902 (3d Cir. 2008); *Miller v. Thomas Jefferson Univ. Hosp.*, 908 F. Supp. 2d 639, 653 (E.D. Pa. 2012) ("A hostile work environment claim under Section 1981 is analyzed in the same manner as under Title VII.")

Here, Plaintiff alleges in a conclusory fashion that "defendant is constantly penalizing [him] and creating a hostile work environment amongst other employees." (Compl. at 6.) However, Plaintiff has failed to provide examples of any incidents in which the Defendants intentionally discriminated against Plaintiff or treated him differently because of his race. Indeed, at deposition, Plaintiff admitted that non-African-American employees were also disciplined for violating Mott's policies:

> Q. What happened to Ramos, if you know?
> A: I believe he was terminated.
> Q: Do you know the reason he was terminated?
> A: I believe violation of cell phone policy.
> Q: Okay. He's Hispanic, right?
> A: That's correct.

(Pl.'s Dep. 80:20-81:20, 103:8-15.)

Plaintiff also claims that Mott's made its attendance and cell phone policies stricter, which resulted in his supervisor following him around the Avenel plant and constantly calling him on the radio. (Pl.'s Dep. 120:21-122:13.) While managerial oversight may be frustrating to Plaintiff, it does not rise to the level of discriminatory conduct required to establish a hostile work environment claim. *See Goodwin v. Conagra Poultry Co.*, NO. 07-1093, 2008 U.S. Dist. LEXIS 76548, at *26-28 (W.D. Ark. Sept. 30, 2008) (explaining that "[c]lose monitoring by a supervisor does not constitute a hostile work environment unless it affects a term or condition of one's employment").

There has been no showing that the change in company policies was targeted at Plaintiff because of his race. Even assuming that it was, this change does not rise to the level of severe or pervasive harassment so as to alter the conditions of Plaintiff's employment. *See Tourtellotte*, 636 F. App'x at 847 (affirming dismissal of plaintiffs' hostile work environment claims because the "incidents [proffered by Plaintiffs] did not unreasonably interfere with [Tourtellotte]'s ability to perform her job"); *Lassalle v. Port Auth. of N.Y. & N.J.*, No. 12-2532, 2013 U.S. Dist. LEXIS 164133, at *44-46 (D.N.J. Nov. 19, 2013) (explaining that many of the plaintiff's complaints about the defendants were well within the scope of common managerial functions and thus were not Title VII violations); *Vance v. S. Bell Tel. and Tel. Co.*, 863 F.2d 1503, 1510 (11th Cir. 1989) (stating that "a plaintiff must establish by the totality of the circumstances, the existence of a hostile or abusive working environment which is severe enough to affect the psychological stability of a minority employee").

As to Plaintiff's claim under NJLAD, the elements for a hostile work environment under NJLAD "closely resemble the first four elements of [a] Title VII hostile work environment claim[.]" Therefore, the reasoning outlined above regarding Title VII liability applies to NJLAD liability as well. *Davis*, 285 F. App'x at 903 (quoting *Cardenas v. Massey*, 269 F.3d 251, 263 (3d

Cir. 2001)). Accordingly, Defendants' motion for summary judgment as to Plaintiff's hostile work environment claims under § 1981, Title VII, and NJLAD is granted.

**C. Retaliation**

"An employee's retaliation claims are subject to the *McDonnell Douglas* three-part burden-shifting framework . . . ." *Anderson v. Boeing Co.*, 694 F. App'x 84, 88 (3d Cir. 2017). In order to establish a retaliation claim under §1981, Title VII, or NJLAD, Plaintiff must submit evidence showing that (1) he engaged in a protected activity; (2) Mott's took an adverse employment action against him; and (3) there is a causal link between his participation in the protected activity and the adverse employment action. *Id.* (citing *Moore v. City of Phila.*, 461 F.3d 331, 340-41 (3d Cir. 2006)); *see also Hassell v. Johnson & Johnson*, No. 13-4109, 2014 U.S. Dist. LEXIS 60503, at *17 (D.N.J. May 1, 2014) (applying same standard under § 1981 and NJLAD). "Protected activities" include the filing of an EEOC claim, and opposing discrimination made unlawful by Title VII. *See Moore v. Beers*, 121 F. Supp. 3d 425, 431 (D.N.J. 2015) (citing *City of Phila.*, 461 F.3d at 340-41); *Slagle v. Cty. of Clarion*, 435 F. 3d 262, 267-68 (3d Cir. 2006) (explaining that a plaintiff is entitled to Title VII's broad protections once he files a facially valid EEOC claim).

Here, Plaintiff contends that after he filed an EEOC Charge of Discrimination, Mott's changed its attendance and cell phone policies and began overworking Plaintiff in retaliation.[4] (Pl.'s Dep. 74:14-75:16.) To establish an adverse employment action, Plaintiff "must show that a reasonable employee would have found the alleged retaliatory actions materially adverse in that they well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *See Beers*, 121 F. Supp. 3d at 431. Plaintiff's allegations, without more, do not establish that any adverse employment was taken against Plaintiff. The record is clear in that the

---

[4] At deposition, Plaintiff admitted that he has no evidence that he was "overworked" because of his race. (Pl.'s Dep. 75:17-76:19.)

9

change in policies was company-wide, and applied to all employees; not just to Plaintiff. (Pl.'s Dep. 80:20-81:20, 103:8-15.)

Moreover, Plaintiff's speculation that he was overworked is not enough for this Court to infer that an adverse action was taken against him. *See, e.g., Maddox v. City of Newark*, 50 F. Supp. 3d 606, 628 (D.N.J. 2014) (explaining that the NJLAD does not protect against generalized complaints about the size of plaintiff's workload). Plaintiff has neither produced any evidence that his workload assignments increased after he filed the EEOC Charge of Discrimination, nor has he submitted any evidence to establish that his workload assignments were unequally assigned as compared to his peers. *Id*. As such, Plaintiff cannot establish a *prima facie* case of retaliation. Defendants' motion for summary judgment as to Plaintiff's retaliation claims is granted.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment is **GRANTED**.[5] An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig:      Clerk
cc:        Leda D. Wettre, U.S.M.J.
          Parties

---

[5] There is no individual liability under Title VII or NJLAD. *See Tai Van Le v. Univ. of Pa.*, 321 F. 3d 403, 408 n.3 (3d Cir. 2003) ("Congress did not intend to hold individual employees liable under Title VII."); *Santiago v. City of Vineland*, 107 F. Supp. 2d 512, 543-44 (D.N.J. 2000) (explaining that NJLAD imposes liability on supervisors who aid and abet a violation of NJLAD). Because this Court has not found any violation of Title VII or NJLAD or aiding and abetting, Plaintiff's claims against Defendants Fratangelo and Liberti are dismissed.